UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH FIGUEROA and ) <br> JOSE FIGUEROA ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHASE BANK USA, N.A. ) <br>     Defendant. ) | CIVIL ACTION NO. <br><br><br><br><br><br> January 27, 2012 |

## COMPLAINT

### I.  INTRODUCTION

1. This is a suit brought by a consumer under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) against Chase Bank USA, N.A. ("Chase"). Plaintiffs also assert claims against Chase for violations of the Creditor Collection Practices Act ("CCPA").

### II.  PARTIES

2. Plaintiff, Elizabeth Figueroa ("Ms. Figueroa"), is a consumer residing in Hartford, Connecticut.

3. Plaintiff, Jose Figueroa ("Mr. Figueroa"), is a consumer residing in Hartford, Connecticut.

4. Defendant Chase is a national bank headquartered in Delaware.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

6. This Court has jurisdiction over Chase because it regularly conducts business in Connecticut.

7. Venue is proper because the transaction alleged herein occurred in this state.

## IV. FACTUAL ALLEGATIONS

8. Mr. Figueroa had accrued a personal consumer debt on an account with Chase ('the Debt").

9. Prior to May 27, 2010, Chase began contacting Mr. Figueroa's cell phone number through the use of an automatic dialer in an attempt to collect the Debt.

10. Around May, 2010 Plaintiffs filed a joint Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut.

11. The Debt was discharged on or around September 8, 2010.

12. On or around late February 2011, Chase began contacting Mr. Figueroa at home and on his cell phone through the use of an automatic dialer in an attempt to collect an account.

13. Mr. Figueroa told Chase that the Debt was discharged in Chapter 7 Bankruptcy, and that he did not owe any debt to Chase.

14. In response, a Chase representative with whom Mr. Figueroa spoke attempted to verify Mr. Figueroa's social security number. The number that the representative provided was not Mr. Figueroa's social security number. Mr. Figueroa informed the representative of this fact.

15. Despite this knowledge, Chase continued to contact Mr. Figueroa at home and on his cell phone.

16. Some of these calls were received by Plaintiffs in the late hours of the night and/or in very early morning hours.

17. During some of these calls, Chase left messages on Plaintiffs' home answering machine where the caller purported to be a friend or acquaintance of Plaintiffs in order to induce them to pick up the phone or return the call. In these messages, Chase failed to state that it was calling for purposes of attempting to collect a debt.

18. On or around March 17, 2011, Mr. Figueroa's attorney contacted Chase by telephone and told Chase that he represented Mr. and Ms. Figueroa and that all communications from Chase should be directed through him.

19. Despite having spoken with Plaintiffs' attorney, Chase continued to contact Mr. Figueroa's home telephone.

20. Around this time, during or around March 17, 2011, Chase also began to contact Ms. Figueroa's cell phone through the use of an automatic dialer in an attempt to collect the alleged debt.

21. In response, Ms. Figueroa told Chase that Mr. Figueroa did not owe the debt, that she and Mr. Figueroa were represented by an attorney, and she provided Chase with her attorney's contact information.

22. Also around this time, Chase called the cell phone of Plaintiffs' 15 year old son in an attempt to collect the alleged debt.

23. At no time did Plaintiffs give Chase permission to call the aforementioned cell phone numbers.

### V.  FIRST CAUSE OF ACTION: TELEPHONE CONSUMER PROTECTION ACT

24. Chase violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), each time it called Plaintiffs' cell phone numbers using an automatic dialing system and/or pre-recorded voice.

25. Chase also violated the TCPA each time it called Plaintiffs' son's cell phone number using an automatic dialing system and/or pre-recorded voice.

26. Pursuant to 47 U.S.C. § 227(b), Chase is liable to Plaintiffs in the amount of $500 for each call made to the cell phone numbers and, to the extent that the TCPA violations are deemed to be intentional, it is liable for up to $1,500.

### VI. SECOND CAUSE OF ACTION: CREDITOR COLLECTION PRACTICES ACT

27. Chase violated the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645, and Conn. Agencies Reg. § 36a-647-5, by engaging in conduct the natural consequence of which to a reasonable person would be to harass or abuse such person in connection with the collection of a Debt; § 36a-647-6 by using deceptive or misleading devices or practices in connection with the collection of a Debt, as described above; 36a-647-4(a)(2) by continuing to contact Plaintiffs despite having been provided with the name address and phone number of Plaintiffs' attorney; 36a-647-4(a)(1) by contacting Plaintiffs at a time where it knew or should have known that such calls would be inconvenient; and 36a-647-4(b) and 36a-647-3 by communicating or attempting to communicate with Plaintiffs' son in an attempt to collect the debt when it had valid contact information for Plaintiffs and their attorney.

28. Plaintiffs have been harmed by Chases' conduct in that they have been harassed and annoyed by Chase's calls on the account and incurred expenses in communicating with legal counsel in their efforts to stop the collection activity.

29. For Chase's unfair acts, Plaintiffs seek their damages, statutory damages, and attorney's fees and costs pursuant to the CCPA.

**WHEREFORE**, the Plaintiffs claim statutory damages of $500 for every call made to a cell phone in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3) plus damages for any additional calls that may occur and statutory damages of up to $1,000 plus a reasonable attorney's fee pursuant to Conn. Gen. Stat. § 36a-648.

**PLAINTIFFS, ELIZABETH FIGUEROA and JOSE FIGUEROA**

By: /s/ Daniel S. Blinn
    Daniel S. Blinn
    Consumer Law Group, LLC
    35 Cold Spring Rd, Suite 512
    Rocky Hill, CT  06067-9997
    Tel (860) 571-0408
    Fax (860) 571-7457
    Juris No. 414047